**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ELLIS HARLEY BARBER | : |
|     Plaintiff | : |
| v | :     Civil Action No. CCB-07-903 |
| SEVENTH DAY ADVENTIST | : |
|     Defendant | : |

o0o

**MEMORANDUM**

The above-captioned civil rights action was filed on April 6, 2007, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted. The complaint alleges that members of the Seventh Day Adventist church have accused plaintiff of being evil and worshiping a false god, and have prevented him from freely practicing his religion. Paper No. 1. The only defendant named is the church and the only claim raised is deprivation of plaintiff's First Amendment right to practice his religion.

In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. The defendant named in the instant complaint is not a state official, and the conduct described by plaintiff does not have the imprimatur of official conduct. In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed

an unconstitutional act in the course of enforcing a right of a private citizen. *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) *cert. denied* 529 U.S. 1033 (2000). None of the acts or conduct alleged by plaintiff in his complaint falls within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). The complaint therefore shall be dismissed.

    A separate order follows.


   April 26, 2007                                                           /s/
Date                                                               Catherine C. Blake
                                                                      United States District Judge